Rene L. Valladares
Federal Public Defender
Nevada Bar No. 11479
Katherine Tanaka
California Bar No. 314082
Katherine_Tanaka@fd.org
Kevin Tate
Nevada Bar No. 8687
Kevin_Tate@fd.org
Assistant Federal Public Defenders
411 E. Bonneville Ave.
Las Vegas, NV 89101
(702) 388-6577

Counsel for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

v.

WILLIAM JAMES O'DONNELL,
Defendant.

Case No: 3:26-cr-00034-JAM

**MOTION IN LIMINE TO EXCLUDE 404(B) EVIDENCE PURSUANT TO RULES 401, 403, AND 404**

Defendant William O'Donnell, through undersigned counsel, moves to exclude any evidence or testimony about Mr. O'Donnell previously distributing drugs out of his home under Federal Rule of Evidence 404(b). This includes any testimony from neighbors claiming to witness drugs being sold out of Mr. O'Donnell's home and any drug house complaints to the police. As this motion is

being filed before the government submits its exhibit and witness lists, Mr. O'Donnell reserves the right to supplement this motion as needed after those filings are received.

# I. ARGUMENT

## A. The government has failed to provide the required notice under Federal Rules of Evidence 404(b)(3).

As an initial matter, the government has not provided any written notice of its intent to present Rule 404(b) evidence as mandated by Rule 404(b)(3). Rule 404(b)(3) specifically requires written notice of not only the evidence the government seeks to introduce, but also the "permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Because the government has failed to provide any notice, evidence or testimony about Mr. O'Donnell previously distributing drugs out of his home should be excluded.

## B. Evidence or testimony of Mr. O'Donnell previously distributing drugs out of his home must be excluded.

Under Rule 404(b), evidence of crimes, wrongs, or other acts are inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, such evidence may be admissible for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

Here, any evidence or testimony about Mr. O'Donnell previously distributing drugs out of his home should be excluded as improper propensity evidence because it is only relevant to suggest that Mr. O'Donnell is a dangerous person who previously distributed drugs from his home, and thus, was more likely to distribute drugs out of his home on December 15, 2024. *See* Fed. R. Evid. 404(b).

Additionally, with respect to any testimony from neighbors who claim to have observed prior drug activity out of Mr. O'Donnell's residence, this is irrelevant to the question the jury must consider—whether Mr. O'Donnell distributed fentanyl on December 15, 2024. Absent personal knowledge of activity that occurred specifically on December 15, such testimony from neighbors is irrelevant and substantially more prejudicial than probative. *See* Fed. R. Evid. 401, 403.

Similarly, any drug house complaints submitted to the police about Mr. O'Donnell distributing drugs from his residence is inadmissible 404(b) evidence because it is only relevant to suggest Mr. O'Donnell is the type of person who distributes drugs from his home. In addition to being inadmissible 404(b) evidence, prior drug complaints on dates other than December 15, 2024, are irrelevant and substantially more prejudicial than probative. Fed. R. Evid. 401, 403. The content of any police complaint is also inadmissible hearsay, and, if the person who made the complaint is not testifying, a violation of Mr. O'Donnell's Fifth Amendment right to confrontation. Fed. R. Evid. 801; U.S. Const. amend. V.

/ / /

## II. CONCLUSION

For the foregoing reasons, Mr. O'Donnell respectfully requests this Court preclude any evidence or testimony about Mr. O'Donnell previously distributing drugs from his home.

Dated: October 2, 2026.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/Katherine Tanaka*
Katherine Tanaka, CA Bar # 314082
Assistant Federal Public Defender

*/s/Kevin Tate*
Kevin Tate, NV Bar # 8687
Assistant Federal Public Defender